IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TIMOTHY COUNCIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-08-1330-C |
| | ) | |
| UNIT CORPORATION DRILLING, CO.; | ) | |
| LARRY MADDEN, INDIVIDUALLY | ) | |
| AND AS SUPERVISOR FOR UNIT | ) | |
| DRILLING, CO.; JEFFREY MARKS, | ) | |
| INDIVIDUALLY AND AS DRILL | ) | |
| SUPERINTENDENT FOR UNIT | ) | |
| DRILLING, CO., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff was employed by Unit Corporation Drilling, Co. ("Unit") as a floorhand on an oil rig. He began work for Unit on November 14, 2007, on Rig 148. For a time, Defendant Madden was Plaintiff's supervisor on Rig 148. Defendant Marks was a Drilling Superintendent during Plaintiff's employ and was responsible for the employees of Rig 148. Plaintiff ended his employment with Unit on July 7, 2008. According to Plaintiff, during the period of his employment he was subjected to numerous instances of racial harassment, including being called "boy" and "nigger," and generally being treated differently due to his race. In particular, Plaintiff complains of disparate treatment by Defendant Unit in failing to promote him to motorman. Plaintiff argues that due to Defendants' actions toward him, he was constructively discharged from his employment. Plaintiff seeks recovery for the racial harassment and discharge pursuant to 42 U.S.C.

§§ 2000e et seq., 42 U.S.C. § 1981, February 18, 2010and Oklahoma's public policy against racial discrimination. Plaintiff also alleges state law tort claims of negligence, intentional infliction of emotional distress, and assault. According to Plaintiff, Defendant Madden assaulted him on more than one occasion and Unit has ratified Madden's conduct by defending him in this action. Denying that any racial harassment occurred, that Plaintiff was constructively discharged, or that any tort occurred, Defendants filed Motions for Summary Judgment.[1]

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this

---

[1] The majority of the briefs filed by both parties are duplicative. Consequently the Court will dispose of them in a single Order. Defendants could have reduced its expenses, the amount of paper wasted, and the Court's time by filing a single brief. Likewise, Plaintiff should have filed a consolidated response.

2

initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## **DISCUSSION**

With one exception to be noted infra, the analyses of Plaintiff's Title VII, § 1981, and public policy claims are identical. Likewise, as noted above, Defendants raise virtually identical challenges to Plaintiff's claims. Accordingly, unless otherwise noted, the Court's discussions here will be applicable to all three claims and all three Defendants.

1. Constructive Discharge

Defendants argue Plaintiff was not constructively discharged. According to Defendants, Plaintiff voluntarily resigned and cannot demonstrate his decision to resign was based on intolerable working conditions. To maintain a claim for constructive

discharge, Plaintiff must show that Unit "through unlawful acts, [made] working conditions so intolerable that a reasonable person in the [Plaintiff's] position would feel forced to resign." Exxum v. U.S. Olympic Committee, 389 F.3d 1130, 1135 (10th Cir. 2004); Sprague v. Thorn Ams., Inc., 129 F.3d 1355, 1367 (10th Cir. 1997).[2] Plaintiff must show that the working conditions were more than difficult or unpleasant, but rather that "at the time of his resignation, [Unit] did not allow him the opportunity to make a free choice regarding his employment relationship." Exxum, 389 F.3d at 1135.

Plaintiff's resignation letter does not provide any reasons for his resignation, other than his desire to not have a termination letter placed in his file. In his deposition testimony, and in an affidavit attached in response to Defendants' Motions for Summary Judgment, Plaintiff sets forth numerous other reasons for his resignation. Included in that list were the racial harassment he suffered, violations of company policy, the fact that his supervisor carried a gun in his truck, and that he was nearly hit by a piece of equipment while working on an oil rig. Plaintiff argues that these reasons are sufficient to demonstrate that a reasonable person would have felt he had no choice but to terminate his employment, and thus his claim for constructive discharge should survive.

---

[2] Plaintiff argues that a different standard applies to evaluate his state law constructive discharge claims. The Court finds any differences meaningless under the facts of this case. Although the Oklahoma Supreme Court may have slightly varied its language in defining the claim, as applied to the facts of this case the relevant question under federal and state law is whether a reasonable person in the shoes of Plaintiff would find the condition so intolerable, due to unlawful acts, that there was no choice but to resign.

4

Fatal to Plaintiff's argument is the timing of the issues he argues support his claim for constructive discharge. As noted below, questions of fact exist regarding whether or not Plaintiff was subjected to a hostile work environment or treated differently due to his race while working on Rig 148. However, Plaintiff offers no evidence of racially biased treatment while employed on Rig 310, the rig he was working on prior to his resignation. The evidence is undisputed that the employees who allegedly committed the discriminatory acts no longer worked on the same rig as Plaintiff at the time he resigned. Thus, Plaintiff cannot show that it was "unlawful" acts which forced him to resign. See Derr v. Gulf Oil Corp., 796 F.2d 340, 344 (10th Cir. 1986) ("[T]he question on which constructive discharge cases turn is simply whether the employer by its illegal discriminatory acts has made working conditions so difficult that a reasonable person in the employee's position would feel compelled to resign.").

Stripped of the allegations of racially biased mistreatment, Plaintiff's arguments in support of a constructive discharge are: (1) that beer was kept in the bunkhouse; (2) his supervisor kept a gun in his truck; and (3) that he was almost hit by a set of tongs.[3] Plaintiff offers no evidence that co-employees were drinking during their shift or that the beer in any way affected his employment beyond its mere presence. Consequently, the Court finds as a matter of law that no reasonable person would find the mere presence of beer in the

---

[3] Tongs are a piece of equipment used on the drilling rig. Plaintiff argues the tongs weighed approximately two tons and if he had been struck by them it would have been fatal.

5

bunkhouse to create working conditions so intolerable that resignation was the only option. As for the gun, again Plaintiff offers no evidence from which a jury could find its presence altered the conditions of his employment. Finally, in support of his argument that the tongs were released in an attempt to hurt him, Plaintiff offers his own testimony and that of two co-workers. However, none of this testimony offers anything more than conclusory assertions about the incident. None of the testimony indicates who released the tongs; rather it is based on assumptions. Further, there are no factual assertions to support the conclusion that the release was intended to injure Plaintiff rather than being a mere accident. Consequently, Plaintiff has failed to offer evidence sufficient to create a question of fact on the release of tongs issue. See Adler v. Wal-Mart Stores, Inc., 144 F.3d at 674 ("Vague, conclusory statements do not suffice to create a genuine issue of material fact.").

Because no reasonable jury could find Plaintiff's conditions of employment were, through unlawful acts, made so intolerable that a reasonable person in Plaintiff's position would feel forced to resign, Defendants are entitled to summary judgement on Plaintiff's claims of constructive discharge..

2. Disparate Treatment

Defendants next challenge Plaintiff's claims for disparate treatment. Plaintiff argues that he was treated differently because of his race, and that he was not promoted to motorman as early as other employees. In particular, Plaintiff complains that despite his

6

temporary promotion to motorman while working on Rig 148, Jimmy Hicks was placed in the position ahead of him.

To state a prima facie case of disparate treatment, Plaintiff must illustrate three elements. First, he belonged to a protected class; second, he suffered an adverse employment action; and third, that the adverse employment action took place under circumstances giving rise to an inference of discrimination. EEOC v. PVNF, L.L.C., 487 F.3d 790, 800 (10th Cir. 2007). Once the Plaintiff makes a prima facie case, the burden then shifts to the Defendants to articulate a legitimate, nondiscriminatory reason for the adverse action. Id. To satisfy its burden, the employer need only produce admissible evidence which would allow the trier of fact to rationally conclude that the employment decision had not been by discriminatory animus. Anaeme v. Diagnostek, Inc., 164 F.3d 1275, 1279 (10th Cir. 1999). Defendants do not contest that Plaintiff has made a prima facie case. Rather, they argue a legitimate, nondiscriminatory basis for the failure to promote Plaintiff exists. Defendants then argue that Plaintiff has failed to rebut that showing. Defendants argue that Mr. Hicks was given the motorman position because he had substantially more experience in the position than did Plaintiff. Plaintiff argues that Defendants' evidence on this point is insufficient, as the affidavit of Mr. Madden fails to state that the reason for hiring Mr. Hicks was his greater level of experience. Plaintiff's argument on this issue is well-taken. Although Mr. Madden's affidavit sets out the facts as he sees them – that Mr. Hicks had more experience than Plaintiff – there is no suggestion

in that affidavit that that experience was the reason for the decision to hire Mr. Hicks. As Plaintiff notes, the Tenth Circuit has held that Defendants' proof must establish the actual reason for the decision, rather than simply setting forth a possible reason. See EEOC v. BCI Coca-Cola Bottling Co., 450 F.3d 476, 492 (10th Cir. 2006). Consequently, Defendants' Motions for Summary Judgment will be denied on the issue of disparate treatment. These claims survive as to all Defendants. Although there is no supervisory liability for claims brought pursuant to Title VII[4] or Oklahoma's public policy[5], there is individual liability under § 1981[6]. As noted above, Plaintiff has pleaded a violation of § 1981 and has alleged facts which, if accepted by the jury, would prove the personal involvement of Madden and Marks; thus, his claims for failure to promote to motorman are viable as to all three Defendants.

3. Back and Front Pay

---

[4] Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996) ("[W]e continue to adhere to this court's established, pre-amendment rule that personal capacity suits against individual supervisors are inappropriate under Title VII.").

[5] See Eapen v. McMillan, 2008 OK CIV APP 95, ¶11, 196 P.3d 995, 998. Although Eapen is not controlling precedent, the Court finds its analysis of Oklahoma law persuasive. The Court's research finds no contradictory authority and finds its analysis well supported by Oklahoma precedent.

[6] Flores v. City and County of Denver, 30 F.App'x 816, 819 (10th Cir. 2002) ("[A]n individual defendant can be held liable under § 1981 if the individual defendant was personally involved in the discriminatory conduct.").

Defendants challenge Plaintiff's ability to recover back pay or front pay. According to Defendants, Plaintiff's employment with Unit would have ceased as a matter of business on November 7, 2008. Defendant Unit asserts it stopped operations on the rig on which Plaintiff was employed on this date, and he would have been laid off. In the alternative, Defendants argue that Plaintiff would have been terminated for violations of company policy which were discovered in August of 2009.

The Court's ruling on Plaintiff's constructive discharge claim resolves any claim to front or back pay. See Mallinson-Montague v. Pocrnick, 224 F.3d 1224, 1237 (10th Cir. 2000). Accordingly, Defendants' motions will be granted on this issue.

4. State Law-Based Torts

    A. *Intentional Infliction of Emotional Distress*

Defendants challenge Plaintiff's claims for intentional infliction of emotional distress. In response, Plaintiff notes that he withdraws this claim, but that doing so does not affect his right to recover emotional distress damages for his other claims, including the hostile environment claims. Accordingly, Defendants' Motions for Summary Judgment will be granted on this claim.

    B. *Assault*

Defendant Unit challenges Plaintiff's assault claim, arguing it cannot be held liable, as Mr. Madden's actions occurred outside the course and scope of his employment. Plaintiff responds, arguing that he has produced evidence demonstrating that Mr. Madden

9

took his action at the request of other higher-ups in the employ of Unit, and that Unit has ratified his conduct by providing a defense in this matter.

Prior to resolving the parties' dispute on this issue, the Court notes that it appears that under Plaintiff's theory, Plaintiff's claim would be governed by Oklahoma's Worker's Compensation Laws and that that court would provide Plaintiff's exclusive remedy for the wrong alleged herein. Accordingly, the parties are to brief this matter further within seven days of the date of this Order. Defendant Unit shall file its brief outlining its argument regarding the requirement that Plaintiff proceed on the assault claim before the Worker's Compensation Court. Plaintiff may file his response three days after Defendant's filing. Defendant then may file its reply within three days of Plaintiff's filing.

## CONCLUSION

For the reason set forth herein, Unit Drilling Corporation Co.'s Motion for Summary Judgment (Dkt. No. 40), Jeffrey Marks' Motion for Summary Judgment (Dkt. No. 41), and Larry Madden's Motion for Summary Judgment (Dkt. No. 44) are GRANTED in part and DENIED in part. Defendants' motions are granted on the issues of constructive discharge, front and back pay, and intentional infliction of emotional distress. Defendants' motions are denied on the issue of disparate impact. Disposition of the assault claim is held in abeyance pending the briefing outlined herein.

IT IS SO ORDERED this 22nd day of February, 2010.

ROBIN J. CAUTHRON
United States District Judge